IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH W. PENDLETON,

                                      ORDER

          Plaintiff,

                                12-cv-84-slc[1]

    v.

MADISON POLICE DEPARTMENT,
DET. JOHN MESSERT and
P.O. KELLEY E. DOUGHERTY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary and injunctive relief, plaintiff Kenneth Pendleton, an inmate at the Kettle Moraine Correctional Institution, contends that defendants Detective John Messert and Officer Kelley Dougherty, employees of the Madison Police Department, violated his rights by arresting him for disorderly conduct for his participation in a fight, but failing to charge the other person involved in the fight.  Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a

---

[1]  For the purpose of issuing this order, I am assuming jurisdiction over this case.

defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing plaintiff's allegations, I conclude that he has failed to plead enough facts to state a plausible claim for relief under the equal protection clause or any other constitutional provision, as required by Fed. R. Civ. P. 8 and discussed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Therefore, I am dismissing plaintiff's complaint.  I will give him an opportunity to file an amended complaint that clarifies his claim.

ALLEGATIONS OF FACT

On August 2, 2011, plaintiff Kenneth Pendleton was arguing with a man named Bret P. Thompson at Sports World in Madison, Wisconsin.  Eventually, Thompson stabbed plaintiff with a screwdriver.  Officers from the Madison Police Department arrived, arrested plaintiff for disorderly conduct and booked him in the Dane County jail.  When plaintiff was interviewed by the police regarding the incident, he told defendants Detective Messer and Officer Dougherty that he wanted to press charges against Thompson.  Thompson was not arrested for disorderly conduct.  Thompson was given a citation and released.  Plaintiff believes officers from the Madison Police Department do not like him.

DISCUSSION

Although plaintiff says he is proceeding under 42 U.S.C. § 1983, he does not identify the specific constitutional right allegedly infringed by defendants' conduct. He suggests that defendants acted improperly by failing to arrest Bret Thompson, but plaintiff is not entitled to an order requiring arrest of Thompson or to damages because of defendants' decision not to make the arrest. Castle Rock v. Gonzales, 545 U.S. 748 (2005); DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989); Leeke v. Timmerman, 454 U.S. 83 (1981); Linda R.S. v. Richard D., 410 U.S. 614 (1973). Plaintiff can bring a claim only for what defendants did to him, not for what they did not do to someone else.

Plaintiff suggests that he should not have been arrested for disorderly conduct and that his arrest caused him pain and suffering. It appears from the information publicly available on the Wisconsin Circuit Court Access Program that plaintiff has finished serving his 30-day sentence for the disorderly conduct charge. If that is true, his claim is likely not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he can no longer bring a petition for a writ of habeas corpus to challenge the validity of his conviction. Spencer v. Kemna, 523 U.S. 1, 21 (1998) (Ginsburg, J., concurring) ("Individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within §1983's 'broad reach.'"); Heck, 512 U.S. at 500 (Souter, J., concurring) (suggesting that "individuals . . . who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole, or who discover (through no fault of their own) a constitutional violation after full expiration of

3

their sentences" should be permitted to bring damages actions under § 1983).

It could be that plaintiff is attempting to state a claim for violation of his right to equal protection under the United States Constitution.  Plaintiff does not allege that defendants discriminated against him on the basis of his race or some other protected characteristic, but he does allege that he was arrested, and not Thompson, because officers from the Madison Police Department do not like him.  These allegations suggest that plaintiff may be asserting an equal protection claim as a "class of one" by contending that he was treated differently from a similarly situated person.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (recognizing "class of one" equal protection claims).

I have found no case in which a plaintiff was permitted to assert a "class of one" equal protection claim against police officers or a police department on the theory that the officers arrested the plaintiff and not someone else.  However, the Court of Appeals for the Seventh Circuit has permitted "class of one" claims against law enforcement officers in other circumstances, noting that "[a]lthough the police are necessarily afforded wide discretion in performing their duties, that discretion does not extend to discriminating against or harassing people."  Geinosky v. City of Chicago, 675 F.3d 743, 747 (7th Cir. 2012). Assuming that there may be circumstances in which a claim related to selective arrest would be viable, plaintiff has not alleged facts to support a conclusion that this is such a case.  The "class of one" cases that have been allowed to proceed are those in which the plaintiffs alleged that the government official's action was "irrational and wholly arbitrary," Olech, 528 at 565, "vindictive" and motivated by "sheer malice" and "a totally illegitimate animus

4

toward the plaintiff," <u>Hilton v. City of Wheeling</u>, 209 F.3d 1005, 1008 (7th Cir. 2000), driven by "personal animus unrelated to official duties." <u>Hanes v. Zurick</u>, 578 F.3d 491, 494 (7th Cir. 2009), or amounted to a "pattern of unjustified harassment." <u>Geinosky</u>, 675 F.3d at 748.

Plaintiff's complaint contains no allegations suggesting that he was arrested because of defendants' or anyone else's "totally illegitimate animus" toward him and he has not provided sufficient facts to imply that the decision to arrest him and not Thompson was "wholly arbitrary" and not supported by any conceivable rational basis. <u>St. John's United Church of Christ v. City of Chicago</u>, 502 F.3d 616, 639 (7th Cir. 2007) (quoting <u>Wroblewski v. City of Washburn</u>, 965 F.2d 452, 460 (7th Cir. 1992) (in equal protection claim, plaintiff must "allege facts sufficient to overcome the presumption of rationality that applies to government classifications"). In particular, plaintiff does not provide facts about the fight itself and his actions during the fight, which officers made the decision to arrest him, which officers made the decision not to arrest Thompson, why plaintiff believes certain officers from the Madison Police Department do not like him and whether the officers who arrested him had any reason not to like him.

Further, I am doubtful whether plaintiff has a full understanding of the facts relevant to his claims. Although plaintiff states that Thompson was not arrested for disorderly conduct, a search of "Bret P. Thompson" on the Wisconsin Circuit Court Access program shows that Thompson was charged with disorderly conduct on the same day as plaintiff, for an incident occurring on August 2, 2011. <u>Wisconsin v. Thompson</u>, 2011CM2098. Thus,

there is a high likelihood that Thompson was arrested for his actions relating to the August 2, 2011 incident.  If this is so, then plaintiff would have no basis on which to pursue his claim.

In sum, plaintiff's complaint does not contain facts sufficient to state a claim for violation of his right to equal protection, and I do not understand plaintiff to be raising any other constitutional claim.  Thus, I will dismiss plaintiff's complaint.  However, when district courts dismiss a complaint for the plaintiff's failure to state a claim, the general rule is to allow the plaintiff to file an amended complaint in an attempt to fix the deficiencies.  Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008).  In this case, it seems highly unlikely that plaintiff can save his claim with additional allegations, but I cannot say that it would be impossible for him to do so.  Accordingly, I will dismiss the complaint without prejudice and allow plaintiff the opportunity to file an amended complaint that clarifies his claims.

If plaintiff decides to file an amended complaint, he should draft the complaint as if he were telling a story to people who know nothing about his situation.  Someone reading the complaint should be able to answer the following questions:

    • What are the facts that form the basis for plaintiff's claims?

    • What did the individual defendants do that makes them liable for violating plaintiff's rights?

    • How was plaintiff injured by defendants' conduct?

If plaintiff wishes to bring a discrimination claim, he must include allegations to correct the deficiencies I noted above.  To the extent that plaintiff contends that the Madison Police

Department acted irrationally by arresting him and not Bret Thompson, plaintiff must address the fact that Thompson appears to have been arrested after the incident. Additionally, plaintiff must include allegations showing that the particular defendants he is suing acted out of personal malice or in a way that was wholly arbitrary and without any conceivable rational basis.  If plaintiff files an amended complaint that contains sufficient facts, I will screen it to determine whether he may proceed on any claim.


ORDER

IT IS ORDERED that plaintiff Kenneth Pendleton's complaint is DISMISSED for failure to state a claim upon which relief may be granted.  Plaintiff may have until June 26, 2012, to file an amended complaint.  If plaintiff does not respond by that date, the clerk of court is directed to enter judgment in favor of defendants Detective John Messert, Officer Kelley Dougherty and the Madison Police Department and close this case.

Entered this 13th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge