IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH W. PENDLETON,

                                                                  ORDER

           Plaintiff,

                                                  12-cv-84-slc[1]

   v.

MADISON POLICE DEPARTMENT,
DET. JOHN MESSERT and
P.O. KELLEY E. DOUGHERTY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On June 13, 2012, I dismissed plaintiff Kenneth Pendleton's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  In his complaint, plaintiff had alleged that defendants Detective John Messert and Officer Kelley Dougherty, employees of the Madison Police Department, violated his rights by arresting him for disorderly conduct for his participation in a fight, but failing to charge the other person involved in the fight. I found that plaintiff had not alleged facts sufficient to support any constitutional claim against any defendant.  I gave him an opportunity file an amended complaint that contained more information about his claims.

        Plaintiff has filed a proposed amended complaint.  Dkt. #10.  Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A.

Unfortunately for plaintiff, his proposed amended complaint makes clear that he cannot state a constitutional claim against defendants arising from their failure to arrest the person with whom plaintiff fought. In his amended complaint, plaintiff repeats his allegations that he was arrested and charged with disorderly conduct after fighting with a man named Bret Thompson. He says that Thompson was not arrested or charged. Plaintiff goes on to explain why he believes the Madison Police Department and defendants Detective John Messert and Officer Kelley Dougherty had ample evidence on which to arrest Thompson.

As I explained to plaintiff in the previous order, plaintiff is not entitled to an order requiring the arrest of Thompson or to damages because of defendants' decision not to make the arrest. Plaintiff can bring a claim only for what defendants did to him, not for what they did not do to someone else. Plaintiff's complaint contains no allegations suggesting that defendants did anything *to him* that may have violated his rights. Further, to the extent plaintiff was attempting to state a claim for discrimination under the equal protection clause, his amended complaint contains no allegations suggesting that he was arrested because of defendants' or anyone else's "totally illegitimate animus" toward him and he has alleged no facts implying that the decision to arrest him and not Thompson was "wholly arbitrary" and unsupported by any conceivable rational basis. St. John's United Church of Christ v. City

of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992) (in equal protection claim, plaintiff must "allege facts sufficient to overcome the presumption of rationality that applies to government classifications"). He concedes that he was involved in the fight and does not dispute that he was guilty of disorderly conduct. For the reasons I explained to plaintiff in the order dismissing his original complaint, he cannot state a claim for violation of his right to equal protection without allegations that defendants arrested him without having a rational basis to do so.

It is apparent from plaintiff's proposed amended complaint that he cannot supplement his complaint with allegations sufficient to state a claim against defendants. Accordingly, I am dismissing plaintiff's claims against defendants with prejudice.

ORDER

IT IS ORDERED that this case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment for defendants Detective John Messert, Officer Kelley Dougherty and the Madison Police Department and close this case.

Entered this 12th day of July, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge